**UNITED STATES of America,**
**Appellee,**

v.

**Carlos Darrell DICKERSON, Appellant.**

No. 03–1456.

United States Court of Appeals,
Eighth Circuit.

Submitted May 27, 2004.

Decided May 28, 2004.

Clifford Ben Wardlaw, Lisagaye A. Biersay, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff–Appellee.

Manvir Kaur Atwal, Federal Public Defender's Office, Minneapolis, MN, for Defendant–Appellant.

Carlos Darrell Dickerson, Leavenworth, KS, pro se.

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

PER CURIAM.

Carlos Dickerson challenges the sentence imposed by the district court[1] upon a jury conviction for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). We affirm.

At trial, two witnesses testified that Dickerson fired a pistol near his ex-girlfriend's apartment. In addition, the government submitted a recording of a 911 phone call from the ex-girlfriend, who reported that Dickerson had shot at her apartment, and forensic evidence that Dickerson had discharged a weapon or been in close proximity to a discharged weapon. The jury convicted Dickerson. The presentence report (PSR) recommended applying the aggravated-assault Guideline because the pistol was used in connection with another felony offense, namely the aggravated assault. *See* U.S.S.G. §§ 2K2.1(c) (cross-reference provision), 2X1.1(a) (base offense level is determined by substantive offense), 2A2.2(a) (base offense level of 15 for aggravated assault), 2A2.2(b)(2)(A) (5–level increase if firearm was discharged). Dickerson denied firing the pistol and objected to cross-

---

1. The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

referencing the aggravated-assault Guideline. The district court adopted the PSR's recommendation, and sentenced Dickerson to 37 months imprisonment and 3 years supervised release.

On appeal, Dickerson challenges the district court's finding that he fired the pistol. Based upon the evidence presented at trial, however, we conclude the district court did not clearly err in finding that Dickerson possessed the firearm in connection with an aggravated assault. *See United States v. Jones,* 327 F.3d 654, 656–57 (8th Cir.2003) (clear-error review).

Accordingly, we affirm.